USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/24/2008

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
HENRY CHU,

                Petitioner,

  - against -

UNITED STATES OF AMERICA,

                Respondent.
------------------------------------------------------------X

06 Civ. 13509 (RMB) (FM)

**DECISION & ORDER**

## I. Background

On or about October 30, 2006, Henry Chu ("Petitioner" or "Chu") filed a <u>pro se</u> petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 ("Petition") against the United States of America ("Respondent") seeking to "vacate, set aside, or correct" his May 12, 2004 conviction following a jury trial of one count of conspiracy to commit bank fraud, mail fraud, and wire fraud, and one count of conspiracy to launder money, in violation of 18 U.S.C. §§ 371 and 1956(h), respectively. (Petition at 2; <u>see also</u> Judgment in a Criminal Case, dated Feb. 14, 2005 ("Judgment"), at 1.) On February 14, 2005, Petitioner was sentenced to sixty months of imprisonment, three years of supervised release, a $200 mandatory special assessment, and restitution in the amount of $683,632,800.23. (Judgment at 2-4.) On May 31, 2006, the United States Court of Appeals for the Second Circuit affirmed Petitioner's conviction. United States v. Chu, 183 Fed. Appx. 94, 94 (2d Cir. 2006).

Petitioner alleges, among other things, that: (1) his trial counsel was ineffective because on April 22, 2004, counsel "colluded with the prosecution to stipulate to 'facts' that resulted in a greater sentence" ("Stipulation"); (2) his trial counsel was ineffective because he "allowed

- 1 -

[Petitioner] to be sentenced for something that was not in the indictment"; and (3) his appellate counsel was ineffective because, among other things, he did not raise "the significant errors in the . . . [S]tipulation" on appeal. (Petition at 28-30, 31.)

On March 21, 2008, Magistrate Judge Frank Maas, to whom the matter had been referred, issued a Report and Recommendation ("Report"), recommending dismissal of the Petition because, among other reasons: (1) the Stipulation, to the effect that it "conceded that five [banks] were FDIC insured," did not increase Petitioner's sentence because Petitioner "would have been liable for the full amount of the losses . . . even if bank fraud had not been an object of the conspiracy"; (2) the "indictment makes clear [that] the scope of the fraud was not limited to specifically-identified banks"; and (3) appellate counsel "cannot be faulted for failing to present . . . non-meritorious issues on appeal." (Report at 8-10, 12.)

On March 26, 2008, Petitioner filed timely objections to the Report ("Objections"). As of this date, Respondent has not filed objections or a response to Petitioner's Objections.

**For the reasons set forth below, the Court adopts the Report in its entirety and the Petition is dismissed.**

**II.  Standard of Review**

The Court "shall make a de novo determination of those portions of [a magistrate judge's] report or specified findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b); Grassia v. Scully, 892 F.2d 16, 19 (2d Cir. 1989). As to any portions of a magistrate judge's report to

which no objections have been made, the district judge may adopt findings that are not clearly erroneous or contrary to law. See Thomas v. Arn, 474 U.S. 140, 149 (1985).

Where, as here, the petitioner is proceeding pro se, the Court construes the petitioner's claims liberally, see Marmolejo v. United States, 196 F.3d 377, 378 (2d Cir. 1999), and "leniency is generally accorded," Bey v. Human Res. Admin., No. 97 Civ. 6616, 1999 WL 31122, at *2 (E.D.N.Y. Jan. 12, 1999).

## III. Analysis

The Court has conducted a de novo review of the record, including, among other things, the Petition, the Report, Petitioner's Objections, and applicable legal authorities, and concludes that Judge Maas's determinations and recommendations are supported by the law and the record. See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). Petitioner's Objections raise substantially the same arguments that he presented to Judge Maas and do not provide a basis for departing from the Report's recommendations.[1]

### (1) Stipulation Claim

Judge Maas correctly determined, among other things, that the Stipulation did not increase Petitioner's sentence because Petitioner "would [have been] liable for the entire restitution amount [regardless of the Stipulation] because of his involvement in the conspiracy." (Report at 9). Petitioner was "charged with three objects, only one of which was bank fraud." (Id.; see also Trial Transcript, dated May 11, 2004, at 2982 (instructing the jury that a finding of

---

[1] As to any portions of the Report to which no objections have been made, the Court concludes that the Report is not clearly erroneous. See Pizarro, 776 F. Supp. at 817. Any Objections not specifically discussed in this Decision & Order have been considered de novo and rejected.

"an agreement to accomplish any one of the unlawful objects [in Count One would be] sufficient" for a conviction).) "[A] defendant charged with fraud must make restitution . . . for . . . 'all losses caused in the course of a defendant's criminal conduct, whether the defendant is convicted of each of those offenses or not.'" (Report at 9); see also United States v. Boyd, 222 F.3d 47, 50 (2d Cir. 2000).

Petitioner also fails to show that "his [trial] counsel's performance 'fell below an objective standard of reasonableness,' [or] that there is a 'reasonable probability that, but for [the Stipulation], the result of the proceeding would have been different." (Report at 7 (quoting Strickland v. Washington, 466 U.S. 668, 694 (1984)).)

**(2) Indictment Claim**

Judge Maas correctly determined that Petitioner's trial counsel was not ineffective for "allow[ing] [Petitioner] to be sentenced for something that was not in the indictment," where the "indictment [specifically] named only ten . . . banks, . . . [and Petitioner] was ordered to pay restitution to nineteen banks," because "the indictment clearly met [the] requirements" necessary to be facially sufficient. (Report at 7-8.) "To be facially sufficient, '[an indictment] need do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime.'" (Id. at 7 (quoting United States v. LaSpina, 299 F.3d 165, 177 (2d Cir. 2002)).) "[D]etailed allegations . . . are not contemplated by [Fed. R. Crim. P.] 7(c)(1), which provides that an indictment 'shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged.'" United States v. Resendiz-Ponce, 127 S.Ct. 782, 789 (2007). Judge Maas correctly determined that "the indictment makes clear" that the banks referred to in Count One "included Chase, Fleet Bank, PNC Bank, KBC

Bank, HVB, Dresdner, China Trust, Senstar and General Bank, among others." (Report at 8; see also Indictment, filed on April 28, 2003, at 12.) Petitioner again fails to show that "his [trial] counsel's performance 'fell below an objective standard of reasonableness.'" (Report at 7 (quoting Strickland, 466 U.S. at 688).)

### (3) Appellate Counsel Claim

Judge Maas correctly found that appellate counsel did not have an obligation to advance Petitioner's "nonmeritorious issues on appeal." (Report at 12); see also Jones v. Barnes, 463 U.S. 745, 751 (1983). And, "'[b]ecause [P]etitioner's ineffective assistance [of trial counsel] claim is without merit, [appellate] counsel's decision not to pursue [a nonmeritorious] claim on appeal was certainly not an omission of a significant issue.'" (Report at 12 (quoting Feliciano v. United States, No. 01 Civ. 9398, 2004 WL 1781005, at *8 (S.D.N.Y. Aug. 10, 2004)).)

## IV. Certificate of Appealability

A certificate of appealability may not be issued unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has made no such showing, and a certificate of appealability is neither warranted nor appropriate. Any appeal from this Decision & Order will not be taken in good faith. See 28 U.S.C. § 1915(a)(3).

## V. Conclusion and Order

For the reasons stated herein and therein, the Court adopts the Report and denies the Petition. The Clerk of the Court is respectfully requested to close this case.

Dated: New York, New York
June 24, 2008

*/s/ RMB*

**RICHARD M. BERMAN, U.S.D.J.**